# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| JOHNNY BRANTLEY, et al., <br>     Plaintiffs, <br><br> vs. <br><br> TITLE FIRST TITLING AGENCY, et al., <br>     Defendants. | Case No. 1:11-cv-864 <br><br> Barrett, J. <br> Bowman, M.J. <br><br> **REPORT AND RECOMMENDATION** |

Plaintiffs, residents of Cincinnati, Ohio, bring this action against defendants Title First Titling Agency, J.B. Lind, Paul E. Blevins, James M. Schnell, Rose Marie L. Fiore, and Edwin L. Vardiman. (Complaint, pp. 1-2). By separate Order issued this date, plaintiffs have been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiffs' complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. at

328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). Plaintiffs' complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiffs' pro se complaint alleges that defendants, "on or about April 17, 2006, assumed the identity of Johnny Brantley and Charlene Brantley appellants/plaintiffs cite violation of 'Title

2

[13] XIII Commercial Transactions- Ohio Uniform Commercial Code.'" (Complaint, p. 3). The complaint further alleges that plaintiffs "pursued cause cite March 30, 2009 case A0903201 From said cause, avoidance ruling by presiding magistrate, bias actions by magistrate, outside influence by James Schnell, perjured statements by attorney Rose Marie L. Fiore, unwillingness to disclose by appellants/plaintiffs' attorney Vardiman (defendant) as all defendants and the court inhibited appellants/plaintiffs' Constitutional Rights to contest and therefore aided in the criminal activities of mortgage fraud and misuse of federal currency for personal gains." *Id.* Finally, the complaint asserts a Sarbanes-Oxley Whistleblower cause of action, based on "attorneys' unethical conduct, joinder of unwilling plaintiffs' attorney Edwin Vardiman to pursue action federally against defendants' Country wide, Bank of America, National City, Title First, Tammy Leach, Mary Hill, Broker Denice Parrish, and Bruce Alexander for predatory lending and treachery by Bank of America." *Id.*

Plaintiffs' complaint is difficult to decipher. Attached to plaintiffs' complaint are documents from plaintiffs' state court actions brought by Johnny and Charlene Brantley against the defendants and/or their attorneys. (*See* Complaint).[1] To the best of the Court's ability, it appears that plaintiffs request that the Court remove their cases from state court based on alleged unethical conduct of defendants and attorneys associated with plaintiffs' state court proceedings, and on the evidentiary rulings made by the state court. Plaintiffs have cited canons of the American Bar Association, apparently arguing that the judge who ruled on plaintiffs' April 15, 2011, Sarbanes-Oxley Whistleblower claim failed to "uphold the integrity and independence of the judiciary" and that plaintiffs' attorney, defendant Vardiman, failed to zealously represent

---

[1] Doc. 1, CM/ECF, pp. 74-95.

plaintiffs in failing to "expose the misleading/perjured statements of Defendant Rose Marie Fiore." (*See* Complaint).[2] Plaintiffs also challenge evidentiary findings in the state court, noting "[w]ithin case No. A1103038, Plaintiffs['] request for evidentiary was never honored, defendant(s) failure to properly preserve said evidence showing motive, intent or desire was as it stands presented with false evidence of non applicant as means for gaining a ruling with good faith in case No. A0903201." *Id.* In the relief section of the complaint, plaintiffs "humbly request of the court to remove from state court, ask question and gain answer for questions as well as assistance in quieting of real property and the ability to present contestable facts for which may place appellants/plaintiffs whole for losses incurred for which will facilitate their entrepreneur ventures and their pursuit for financial stability as such their American dream." (Complaint, p. 4).[3]

To the extent plaintiffs may be seeking to remove their state court actions to this federal court, removal is inappropriate. Removal is governed by 28 U.S.C. § 1441 which provides in relevant part: "[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "As the statutory language makes plain, only 'the defendant or the defendants' may remove under § 1441(a)." *First Nat. Bank of Pulaski v. Curry*, 301 F.3d 456, 461 (6th Cir. 2002). In the instant case, because plaintiffs also initiated their state court actions they are unable to remove the cases from State to Federal court. *See Shamrock Oil*

---

[2] Doc. 1, CM/ECF, p. 97.

[3] Doc. 1, CM/ECF, p. 101.

*& Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *First Nat. Bank of Pulaski*, 301 F.3d at 463.

Plaintiffs' complaint otherwise fails to assert any claim with an arguable basis in law over which this Court has subject matter jurisdiction. With regard to diversity jurisdiction, a district court has jurisdiction over a suit between citizens of different states when the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). For a federal court to have diversity jurisdiction pursuant to section 1332(a), the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 531 (1967)). In other words, for complete diversity to exist the plaintiff must be a citizen of a different state than each of the defendants. *Caterpillar*, 519 U.S. at 68; *Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967). In the absence of complete diversity, the Court lacks subject matter jurisdiction. *Caterpillar*, 519 U.S. at 68.

There is not complete diversity of citizenship in this case. The complaint indicates that plaintiffs and the defendants are all Ohio citizens. (Complaint, pp. 1-2). Accordingly, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship.

With regard to the Court's federal question jurisdiction under 28 U.S.C. § 1331, the complaint must be dismissed for failure to state a claim upon which relief may be granted. First, to the extent that they intended to raise one, plaintiffs have failed to state a claim for a violation of the Sarbanes-Oxley Whistleblower Statute. Section 806 of the statute, which is codified at 18 U.S.C. § 1514(A), creates a cause of action for employees of publicly-traded companies who are retaliated against for disclosing information about potentially unlawful conduct. *See Allen v.*

*Administrative Review Bd.*, 514 F.3d 468, 475 (5th Cir. 2008). In order to state a claim under the Act, a plaintiff must allege that (1) he engaged in protected activity; (2) his employer knew that he engaged in protected activity; (3) he suffered an unfavorable personnel action; and (4) the protected activity was a contributing factor in the unfavorable action. *Id.*; *see also Mann v. Fifth Third Bank*, Nos. 1:09-cv-014, 1:09-cv-476, 2011 WL 1575537, at *8 (S.D. Ohio April 25, 2011). In the instant case, plaintiffs have failed to allege that they are employees of a publically-traded company, that they engaged in a protected activity, or that they suffered any adverse action on the part of an employer as a consequence. Accordingly, plaintiffs have failed to state a claim upon which relief may be granted with regard to this claim.

Second, to the extent plaintiffs allege a violation of their civil rights under 42 U.S.C. § 1983, the complaint nevertheless fails to state a claim for relief. In order to maintain an action under 42 U.S.C. § 1983, which provides a civil remedy for constitutional rights violations, plaintiffs must allege that the defendants acted under color of state law and that their conduct deprived them of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)). Plaintiffs' complaint fails to allege facts showing the defendants, who are private entities and/or private persons, acted under color of state law.

A private entity or private individual acting on his own cannot deprive a citizen of his constitutional rights. *See Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000) (citing *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149 (1978); *Hudgens v. NLRB*, 424 U.S. 507 (1976)). Section 1983 does not create a cause of action against a private actor "'no matter how

6

discriminatory or wrongful' the party's conduct." *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Plaintiffs' civil rights claims against the defendants must be dismissed because plaintiffs allege no facts whatsoever showing the actions of these private defendants "so approximate state action that they may be fairly attributed to the State." *Lansing,* 202 F.3d at 828 (citation omitted).

To satisfy the "color of state law" prong of Section 1983, plaintiffs must allege facts showing that defendants were either 1) acting under the compulsion of the state (state compulsion test)[4]; 2) engaged in an activity traditionally reserved to the state (public function test); or 3) its activities were sufficiently close and/or controlled by the state that its actions could fairly be attributed to it (nexus test). *See Chapman v. Higbee Co.*, 319 F.3d 825, 833 (6th Cir. 2003); *see also Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003). Plaintiff's complaint fails to allege facts meeting any of the three tests.

Plaintiffs have alleged no facts showing that state law or a state entity significantly encouraged or coerced the defendants' actions such that the defendants may be deemed state actors under the state compulsion test. *See Campbell v. PMI Food Equipment Group, Inc.,* 509 F.3d 776, 784 (6th Cir. 2007) (citing *Blum v. Yaretsky,* 457 U.S. 991, 1004 (1982) (finding no state action even though the state provided a significant portion of the funding of a private corporation, because the state did not appoint board members, select personnel, or make decisions for the organization)). Plaintiffs have not alleged facts showing the defendants' activities were ones traditionally reserved to the state. *See, e.g., Flagg Bros. v. Brooks,* 436 U.S.

---

[4]"The state compulsion test requires that a state 'exercise such coercive power or provide such significant encouragement, either overt or covert, that in law the choice of the private actor is deemed to be that of the state.'" *Lansing v. City of Memphis*, 202 F.3d 821, 829 (6th Cir. 2000) (citation omitted).

149, 157-58 (1978) (holding elections is public function); *Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 352-53 (1974) (eminent domain is public function); *Marsh v. Alabama,* 326 U.S. 501, 505-09 (1946) (company-owned town is public function). Nor have plaintiffs alleged facts showing the state had a sufficiently close relationship to the defendants as to be a joint participant and/or interdependent with these defendants. *See Campbell,* 509 F.3d at 784 (no state action where government entities did nothing more than authorize and approve a contract that provided tax benefits to defendant). Finally, plaintiffs have not alleged facts showing defendants either conspired or acted in concert with state officials. *Cf. Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980). Plaintiffs have failed to allege facts suggesting a sufficient intermingling of state involvement with defendants to support a finding of state action. Therefore, the named defendants cannot be deemed state actors and plaintiffs' constitutional claims under 42 U.S.C. § 1983 against these defendants must be dismissed.

Third, to the extent that plaintiffs seek federal review of their state court cases, the Court does not have jurisdiction over these claims. The federal courts lack authority under the *Rooker-Feldman* doctrine to sit as a state appellate court to review state-court determinations. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The *Rooker-Feldman* doctrine "stands for the proposition that a federal district may not hear an appeal of a case already litigated in the state court." *United States v. Owens,* 54 F.3d 271, 274 (6th Cir. 1995). The Supreme Court more recently reaffirmed that the *Rooker-Feldman* doctrine applies where, as here, a case is brought by a loser in a state court action, complaining of injuries caused by the state court's judgment rendered before the district court proceedings commenced and inviting the district court to review and reject that

judgment. *See Exxon Mobile Corp. v. Saudia Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). The crucial question is whether the "source of injury" upon which the plaintiff bases his or her federal claim is a state-court judgment. *Lawrence v. Welch*, 531 F.3d 364, 368 (6th Cir. 2008); *see also Hines v. Franklin Savings & Loan,* No. 1:09cv914, 2011 WL 882976, at *2 (S.D. Ohio Jan. 31, 2011) (Bowman, M.J.) (Report & Recommendation), *adopted*, 2011 WL 886128 (S.D. Ohio Mar. 10, 2011) (Weber, J.). "If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction." *Lawrence,* 531 F.3d at 368 (quoting *McCormick v. Braverman*, 451 F.3d 382, 394 (6th Cir. 2006)).

It appears that plaintiffs seek review of the judgments in the underlying state-court proceedings. Plaintiffs request that this Court "ask question and gain answer for questions as well as assistance in quieting of real property and the ability to present contestable facts for which may place appellants/plaintiffs whole for losses incurred for which will facilitate their entrepreneur ventures and their pursuit for financial stability as such their American dream." (Complaint, p. 4). Because it appears that plaintiffs request relief from the underlying state-court judgements, their injury stems from the state court decisions and such review is barred by *Rooker-Feldman*. Plaintiffs' recourse is to seek review in the Ohio Court of Appeals, the Ohio Supreme Court, and if necessary, to seek a writ of certiorari from the United States Supreme Court. Thus, to the extent plaintiffs seek review of their underlying state-court decisions, this Court lacks subject matter jurisdiction over plaintiffs' complaint.

The Court cannot discern any other possible federal claim stemming from plaintiffs' allegations. Therefore, plaintiffs' allegations do not state a federal constitutional or statutory claim over which this Court might have jurisdiction under 28 U.S.C. § 1331.

Accordingly, the Court concludes that plaintiff's complaint is subject to dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3) and for failure to state a claim for relief. *Mitchell*, 343 F.3d at 821 n.10.

## IT IS THEREFORE RECOMMENDED:

1. The complaint should be **DISMISSED**.

2. The Court should certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore denies plaintiff leave to appeal *in forma pauperis*. Plaintiff, a non-prisoner, remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

    *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| JOHNNY BRANTLEY, et al.,<br>    Plaintiffs, | Case No. 1:11-cv-864 |
| vs. | Barrett, J.<br>Bowman, M.J. |
| TITLE FIRST TITLING AGENCY, et al.,<br>    Defendants. | |

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).