UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Johnny Brantley, et al,

                                                 Case No.: 1:11-cv-864

      Plaintiffs,

   v.

                                                 Judge Michael R. Barrett

Title First Titling Agency, et al,

      Defendants.

## OPINION & ORDER

This matter is before the Court on Magistrate Judge Stephanie K. Bowman's, February 2, 2012, Report and Recommendation ("Report") (Doc. 4)[1] and Plaintiffs Johnny Brantley and Charlene Brantley's Complaint (Doc. 3).  The Report recommends that the Complaint be dismissed and that Plaintiffs be denied leave to appeal *in forma pauperis*.  (Doc. 4, 10.)

The parties were given proper notice, pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, including notice that the parties may waive further appeal if they fail to file objections in a timely manner.  (Doc. 4, 11); *see United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).  Plaintiffs have filed a timely Objection (Doc. 6).

Plaintiffs' Objection is ripe for review.  For the reasons stated below, the Court overrules Plaintiffs' Objection, and the Report is ADOPTED in its entirety.

---

[1] All Court document citations are to Docket Entry numbers.

1

**I.      Background**

Plaintiffs' pro se Complaint is difficult to decipher, but all their claims appear to revolve around a state-court or bankruptcy-court action involving real estate owned by Plaintiffs.  (*See* Docs. 3 and 1.)  Upon granting Plaintiffs' Motion to Proceed *In Forma Pauperis* (Doc. 1), the Magistrate Judge undertook a sua sponte review pursuant to 28 U.S.C. § 1915(e)(2)(B).  (Doc. 4, 1.)  The exact nature of Plaintiffs' claims are opaque, but the Report cites many deficiencies.  First, the Complaint makes it appear that Plaintiffs may be seeking removal of a state-court or bankruptcy-court action to this Court based on alleged unethical conduct of Defendants.  (Doc. 4, 4.)  The Report finds that such removal by a plaintiff who initiated the action is improper.  (Doc. 4, 4.)  Second, the Report concludes that Plaintiffs' Complaint fails to assert appropriate subject-matter jurisdiction based on diversity.  (Doc. 4, 5.)  Next, the Report states that Plaintiffs have failed to state a claim for a violation of the Sarbanes-Oxley Whistleblower statute, which they specifically cite.  (Doc. 4, 5–6; Doc. 3, 3.)  The Report also finds that to the extent Plaintiffs allege a 42 U.S.C. § 1983 civil-rights violation, they fail to allege facts showing that Defendants acted under color of state law.  (Doc. 4, 6–8.)  Finally, the Report finds that Plaintiffs' request for federal review of any state-court action is barred by the *Rooker-Feldman* doctrine.  (Doc. 4, 8–9.)  Plaintiffs' Objection is analyzed below.

**II.    Legal Analysis**

**A.    Legal Standards**

When objections are received to a magistrate judge's report and recommendation on a dispositive matter, the district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id.*; *see also* 28 U.S.C. § 636(b)(1).  General objections are insufficient to preserve issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

When, as here, a plaintiff files an *in forma pauperis* complaint, courts are authorized to dismiss such complaints if they fail to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  The Rule 12(b)(6) dismissal standard, as articulated in *Iqbal* and *Twombly*, governs dismissals for failure to state a claim under § 1915(e)(2)(B)(ii).  *Hill v. Lappin*, 630 F.3d 468, 471–72 (6th Cir. 2010).  In reviewing a Rule 12(b)(6) dismissal, this Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."  *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008) (*quoting Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)).  "[T]o survive a motion to dismiss, a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'"  *Tackett v.*

3

*M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, *passim* (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (*citing Twombly*, 550 U.S. at 556). Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (*quoting Twombly*, 550 U.S. at 556).

While the Court must accept all well-pleaded factual allegations as true, it need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (*quoting Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The complaint need not contain detailed factual allegations, yet it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949 (*citing Twombly*, 550 U.S. at 555). A pleading that offers labels and conclusions or merely a formulaic recitation of legal elements will not do. *Id.* Nor does a complaint suffice if it tenders naked assertions devoid of factual enhancement. *Id.* While a plaintiff need not plead specific facts, the complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotations omitted) (*quoting Twombly*, 550 U.S. at 555).

**B.     Plaintiffs' Objections**

Before addressing Plaintiffs' Objection directly, the Court notes that Plaintiffs have filed two additional documents along with their Objection.  First, they filed a Notice of Appeal (Doc. 7).  This appears to be an attempt to appeal the Report's findings to the Sixth Circuit Court of Appeals.  However, the Report only constitutes "proposed findings of fact and recommendations," 28 U.S.C. § 636(b)(1)(B), and a magistrate's report is not a final appealable order, *see Stevens v. Consol. Freightways, Inc.* 930 F.2d 919, at *5 (6th Cir. 1991) (unpublished table decision).  As such, Plaintiffs' Notice of Appeal is improper at this time and is therefore DENIED as MOOT.  However, this ruling does not foreclose Plaintiffs' ability to appeal this Order's decisions to the Sixth Circuit in the appropriate manner.

Plaintiffs have also filed an "Application/Motion to Proceed without Payment of Fees (In Forma Pauperis) and Affidavit in Support Thereof" (Doc. 8).  This seems to be a motion for leave to appeal *in forma pauperis*.  But Plaintiffs have already filed a motion for leave to proceed *in forma pauperis* before this Court, and it has been granted.  (Doc. 2.)  If this latest motion is a duplicate of that prior motion, then it must be denied as moot because Plaintiffs original motion has already been granted.  If their latest motion is an attempt to proceed *in forma pauperis* before the Sixth Circuit, then it too must be denied as moot—it is untimely because as of its filing this Court had not yet issued a final appealable order.  Regardless of which is correct, Plaintiffs' latest *in forma pauperis* motion is DENIED as MOOT.

### 1. First Objection—Actions under Color of State Law

As to Plaintiffs' Objection, it is just as difficult to understand as their Complaint, but this Court construes it liberally. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that pro se pleadings are to be "liberally construed"). First, Plaintiffs object to the Report's finding that they failed to state a § 1983 civil-rights claim. (Doc. 6, 3.) The Report found that any § 1983 claim must be dismissed because the Complaint fails to allege that Defendants acted under color of state law. (Doc. 4, 6.) Plaintiffs now specifically argue that certain Defendants' actions were taken under color of state law. (Doc. 6, 3.)

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law. *Harbin-Bey v. Rutter*, 420 F.3d 571, 575 (6th Cir. 2005) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Plaintiffs argue that Defendants acted under state law where they "'exercise[d] power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" (Doc. 6, 3) (quoting *West*, 487 U.S. at 49). Plaintiffs maintain that two individual Defendants who are attorneys, James Schnell and Rose Marie Fiore, are state actors because they are "clothed with the authority of a certified attorney within the state . . . ." (Doc. 6, 3.) As Plaintiffs state, "Counsels' actions may be shown taken under color of state law as said actions are related to the performance of their duties." (Doc. 6, 3.) However, "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk Cnty. v. Dodson*, 454 U.S. 312,

6

318 (1981); *see also Harmon v. Hamilton Cnty. Court of Common Pleas*, 83 F. App'x 766, 767 (6th Cir. 2003) (holding that private attorneys did not act under color of state law in prior litigation); *Dunning v. Yuetter*, 12 F. App'x 282, 284 (6th Cir. 2001) (holding that criminal defense attorneys do not act under color of state law for purposes of § 1983); *Pagani-Gallego v. Escobedo*, 149 F.3d 1184, at *1 (6th Cir. 1998) (unpublished table decision) ("A court-appointed attorney is not liable for deprivations of constitutional rights under 42 U.S.C. § 1983 for the reasons that counsel does not act under color of state law."); *Border City Sav. & Loan Ass'n v. Kennecorp Mortg. & Equities, Inc.*, 523 F. Supp. 190, 193 (D.C. Ohio 1981) ("Privately-retained attorneys do not act 'under color of state law' pursuant to § 1983 and their acts do not constitute 'state action' for the purposes of the Fourteenth Amendment.").  Accordingly, Plaintiffs have failed to state a claim against the particular Defendants who are attorneys because Plaintiffs have not sufficiently alleged that they have acted under color of state law.

Plaintiffs make no effort to explain how any of the other Defendants may have acted under state law.  (*See* Doc. 6.)  Plaintiffs Objection does mention Judge Kubicki (Doc. 6, 4), the Ohio Court of Common Pleas judge who handled one of Plaintiffs' state-court cases, and allege that Judge Kubicki somehow relates to their § 1983 claim, but Plaintiffs are entirely unclear as to how he is relevant to this matter and Judge Kubicki himself is not a Defendant in this case.  The Court cannot see any legally relevant manner in which Judge Kubicki's actions may have caused Defendants to act under color of law.  Plaintiffs' Objection also makes short statements regarding the public-function test, the joint-action test, the state-compulsion test, and the governmental-nexus test (Doc. 6, 4–5), but even construing the Objection liberally, the Court sees no

7

valid arguments here to analyze.  In sum, because Plaintiffs have failed to allege facts showing that Defendants acted under color of state law, any § 1983 claim must be dismissed.  In this respect, Plaintiffs' Objection is OVERRULED.

### 2. Second Objection—Motion to Amend the Complaint

The Objection also appears to be an attempt to amend the Complaint.  (*See* Doc. 6.)  Plaintiffs attach an "Amended Complaint to Cameral Qui Tam Lawsuit" to their Objection in which they allege many claims under 31 U.S.C. § 3729, the False Claims Act.  (Doc. 6-1, 2, 4, 6–13.)  The Court treats this as a motion to amend rather than as a traditional objection.

Rule 15 of the Federal Rules of Civil Procedure grants courts discretion to allow a plaintiff to file an amended complaint.  Fed. R. Civ. P. 15(a)(2).  Courts should freely give leave to amend when justice so requires, *id.*, but leave may be denied if the proposed amendment would be futile in as much as it would not withstand a motion to dismiss under Rule 12(b)(6), *Commercial Money Ctr. v. Ill. Union Ins. Co.*, 508 F.3d 327, 346 (6th Cir. 2007).  Thus, the Court applies the Rule 12(b)(6) motion-to-dismiss standard as stated above.

Plaintiffs' Objection and attached "Amended Complaint to Cameral Qui Tam Lawsuit" both cite to 31 U.S.C. § 3729 of the False Claims Act.  (Doc. 6, 1; Doc. 6-1, 4.)  The False Claims Act imposes liability on any person who presents a false or fraudulent claim for payment to the government.  31 U.S.C. § 3729(a)(1).[2]  It authorizes private

---

[2] Because the False Claims Act was re-codified on May 20, 2009, *see* Fraud Enforcement and Recovery Act of 2009, Pub. L. No. 111-21, § 4, 123 Stat. 1617, 1621 (2009) (available at PL 111-21, 2009 S 386), with parts of it taking effect on June 7, 2008, *see Hopper v. Solvay Pharms. Inc.,* 588 F.3d 1318, 1327 (11th Cir. 2009); *U.S. ex rel. Bennett v. Boston Scientific Corp.*, No. H-07-2467, 2011 WL 1231577, slip op. at *11, (S.D. Tex. Mar. 31, 2011) (collecting cases); *U.S. ex rel. Sanders v. Allison Engine Co., Inc.,* 667 F. Supp. 2d 747, 752 (S.D. Ohio 2009), and because the events Plaintiffs complain of apparently took place well before June 7, 2008 (*see* Doc. 6-1), the Court applies the pre-June 7, 2008, version of § 3729 (cited as 31 U.S.C. § 3729 (2006)).

individuals to bring civil actions in the government's name, referred to as qui tam actions, and for individuals to collect a portion of any amount recovered. 31 U.S.C. § 3730(b)(1); *see also U.S. ex rel. Summers v. LHC Group, Inc.*, 623 F.3d 287, 291 (6th Cir. 2010). More specifically, the False Claims Act creates liability for presenting a false "claim," which is defined as "any request or demand . . . for money or property which is made to a contractor, grantee, or other recipient if the United States Government provides any portion of the money or property which is requested or demanded . . . ." 31 U.S.C. § 3729(c) (2006). The request for payment in question must be for payment by the government out of government funds. *Allison Engine Co., Inc. v. U.S. ex rel. Sanders*, 553 U.S. 662, 668–69 (2008) (citing 31 USC § 3729(a)(2) (2006)). In other words, a defendant must intend that the government itself pay the claim. *Id.* at 669 (citing 31 U.S.C. § 3729(a)(2) (2006)); *see also U.S. ex rel. SNAPP, Inc. v. Ford Motor Co.*, 532 F.3d 496, 504–05 (6th Cir. 2008) (discussing elements of § 3729(a)(2) claim).

Plaintiffs' attempted amendment fails in this respect because it does not sufficiently allege that Defendants made any specific requests to officers, employees, or agents of the United States. This is so because a False Claims Act cause of action must comply with Rule 9(b)'s requirement that fraud be pled with particularity. *Chesbrough v. VPA, P.C.*, 655 F.3d 461, 466 (6th Cir. 2011). "To plead fraud with particularity, the plaintiff must allege (1) 'the time, place, and content of the alleged misrepresentation,' (2) 'the fraudulent scheme,' (3) the defendant's fraudulent intent, and (4) the resulting injury." *Id.* at 467 (quoting *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 504 (6th Cir. 2007)). The closest Plaintiffs come to specifically alleging that a claim was presented to an officer, employee, or agent of the United

States is where they state that "Defendant submitted False Claims for HUD to National City bank and the Treasury Department . . . ." (Doc. 6-1, 6.) But this is insufficient because it does not detail the "the time, place, and content of the alleged misrepresentation." See Chesbrough, 655 F.3d at 467.

Plaintiffs also fall short with the fraudulent scheme they allege. The thrust of Plaintiffs' allegation is that Defendants acted fraudulently within the scope of a bankruptcy-court proceeding. Plaintiffs state as follows:

> Thus, the actions of knowingly preventing [Plaintiffs'] ability to sell their newly constructed home on or about March 3, 2006 for the dollar amount of $450,000.00, defendants by all appearance and knowledge of sell were attempting to gain possession of real estate by way of false claim contracts. Nonetheless, once said plot was revealed by way of the voluntary petition of Chapter 7, defendants removed as ordered the May 25, 2006 false claim, however, defendants and their administrators fraudulently and with good faith concealed obligations of the April 17, 2006 false claim for which are the basis for relators Qui Tam Suit brought under section 3729 and section 3730.

(Doc. 6-1, 13.) This makes it apparent that Plaintiffs are complaining about Defendants' actions related to a bankruptcy-court proceeding, especially when one understands that the "April 27, 2006 false claim" Plaintiff refers to relates to a "Commitment for Title Insurance" issued by Defendant Title First Titling Agency. (See Doc. 3, 15; Doc. 6-1, 7.) Rather than alleging that Defendants presented a claim for payment to the U.S. Government, as the False Claims Act requires, 31 U.S.C § 3729(a) (2006), Plaintiffs seem to be alleging that Defendants presented false evidence to the bankruptcy court. (See Doc. 6-1.) Presenting false evidence in a court proceeding is not within the intended scope of the False Claims Act despite that a bankruptcy judge is a government employee. See 31 U.S.C. § 3729 et seq. If Plaintiffs are unhappy with the results of

their bankruptcy case, they must appeal that decision within the proper channels, and a qui tam action is not such a proper channel. Because Plaintiffs have failed to state a claim on which relief may be granted, their motion to amend the Complaint is DENIED, and any associated objection is OVERRULED.

### 3. Other Potential Claims

Plaintiffs' Objection also mentions other potential claims, but Plaintiffs do not develop them. Plaintiffs mention "fraud," "criminal impersonation," "money laundering," and "white-collar crimes." (Doc. 6, 2, 6.) But these are just passing references (*see* Doc. 6, 2, 6), and as such, there is no need for the Court to analyze such potential claims as a motion to amend. In other words, Plaintiffs mention these causes of action, but they make no effort to allege them (*see* Doc. 6), so no specific analysis is necessary. Even construing Plaintiffs' filings liberally do not yield claims here.

### III. Conclusion

Having reviewed this matter de novo in accordance with Rule 72 of the Federal Rules of Civil Procedure, the Court finds Magistrate Judge Stephanie K. Bowman's Report (Doc. 4) to be thorough, well reasoned, and correct. Plaintiffs' Objection (Doc. 6) is **OVERRULED**, and the Report is **ADOPTED** in its entirety. Plaintiffs' Complaint (Doc. 3) is **DISMISSED**. Additionally, the Court rules as follows:

- Because it is an attempt to appeal the Report, which is not a final appealable order, Plaintiffs' Notice of Appeal (Doc. 7) is **DENIED as MOOT**.

- Because it is either untimely or duplicative, Plaintiffs' most recent motion for leave to appeal *in forma pauperis* (Doc. 8) is **DENIED as MOOT**.

- Because Plaintiffs have failed to state a False Claims Act claim on which relief may

11

be granted, what the Court has construed as Plaintiffs' motion to amend the Complaint is **DENIED**.

Furthermore, as the Report recommends (Doc. 4, 10), the Court certifies pursuant to 28 U.S.C. § 1915(a), that for the foregoing reasons, an appeal of this Order would not be taken in good faith, and therefore, Plaintiff is **DENIED** leave to appeal *in forma pauperis*. Plaintiffs remain free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999).

**IT IS SO ORDERED**.

*s/Michael R. Barrett*
United States District Judge